VILLANTI, Judge,
Specially concurring.
I concur in the majority holding but write to emphasize that, while the trial court may have believed that “[t]he Statutes have not kept up with the advances in science[,]” the trial court was still obligated to follow those duly enacted statutes. Mr. Price did not contest that he signed a voluntary acknowledgement of paternity more than sixty days before filing his answer in this collection action which purportedly sought to challenge his paternity. As a result, under section 742.10(4), Mr. Price’s acknowledgement constituted “an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact.” Mr. Price alleged none of these bases in his answer. Further, section 742.12 only authorizes the trial court to order DNA testing “[i]n any proceeding to establish paternity.” Because paternity had previously been established and Mr. Price did not properly bring a proceeding to challenge that establishment of paternity, the law suit below did not involve an action to establish paternity. Under these facts, the trial court did not have authority to order DNA testing. Consequently, the trial court departed from the essential requirements of law when it ordered DNA testing. I note that our holding does not in any way preclude Mr. Price from challenging his paternity by following all statutory requirements in the future.